### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 08-14001-CR-GRAHAM/MAYNARD
### CASE NO. 08-14008-CR-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

QUSTION DINGLE,

      Defendant.

_____/

### REPORT AND RECOMMENDATION
### REGARDING VIOLATION NUMBERS 1 AND 3

**THIS CAUSE** having come before the undersigned for a hearing on March 4, 2020 on the

pending Petition for Offender under Supervision [D.E. 49] ("Petition"), this Court recommends to

the District Court as follows:

1.    The Defendant appeared before this Court on March 4, 2020 for a hearing on the

Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 8, 2019, in Butts County, Georgia, the defendant committed the offense of Felony possession of marijuana, contrary to Georgia Statute Code 16-13-30(j)(1). |
| **Violation Number 2** | **Violation of Mandatory Condition**, by unlawfully possessing a controlled substance. On or about April 8, 2019, the defendant was found in possession of marijuana by the Butts County Sheriff's Office and charged with Felony possession of marijuana, contrary to Georgia Statute Code 16-13-30(j)(1). |
| **Violation Number 3** | **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On April 24, 2019, the defendant was questioned regarding contact with law enforcement, and stated he was a passenger in a vehicle that was pulled over for speeding, when in fact, evidence indicates this to be false. |

2.      The Government proceeded by proffer.  According to that proffer on April 8, 2019, a Butts County (Georgia) Sheriff's Office deputy initiated a traffic stop on a vehicle Defendant was driving.  The deputy asked to search Defendant's vehicle.  Defendant lifted his shirt and advised that he was not in possession of any weapons.  When he did so, the deputy saw a plastic bag in the Defendant's waistband.  The plastic bag contained .25 pounds of marijuana.  The Defendant was issued a citation for following another vehicle too closely.  A few days later, Defendant was charged with felony possession of marijuana in violation of Georgia Statute Code 16-13-30(j)(1).  On April 24, 2019, Defendant's probation officer questioned him regarding contact with law enforcement.  Defendant indicated that he was a passenger in a vehicle that was pulled over for speeding, which was false.

3.      After consultation with his attorney, Defendant announced to this Court that he wished to admit Violation Number 3.  Defendant agreed that the Government's proffer regarding his false statement to his probation officer was true and correct, and that the government could prove those facts against him were a hearing to be held in this matter.  The Court questioned the Defendant on the record and made certain that he understood his rights regarding an evidentiary hearing on Violation Number 3.  The Defendant acknowledged that he understood his rights in that regard and further understands that if his admission to Violation Number 3 is accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition. This Court finds that the facts set forth in the government's proffer establish a sufficient basis to support Defendant's admission to Violation Number 3.

4.      After consultation with his attorney, the Defendant further announced that he would not contest Violation Number 1.  The Defendant did not present any witnesses or evidence, nor did his counsel wish to cross examine a Government witness.  The government's proffer is

therefore undisputed, and the Court finds that it establishes by a preponderance of the evidence that Defendant committed Violation Number 1.

5.     The Government announced that it would dismiss Violation Number 2 after sentencing.

6.     The possible maximum penalties faced by the Defendant were read into the record by the Government, and Defendant stated that he understood those penalties.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violation Numbers 1 and 3, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties jointly agree to a reduced time period of three (3) days to file objections to this Report and Recommendation.  Accordingly, by joint agreement, the parties shall have three (3) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 4ᵗʰ day of March, 2020.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE